**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION**

**DEBORAH TYREE**                                                                 **PLAINTIFF**

**v.**                                                              **CIVIL ACTION NO. 2:11cv32-KS-MTP**

**THE HARTFORD LIFE AND ACCIDENT**                          **DEFENDANTS**
**INSURANCE COMPANY and WAL-MART**
**ASSOCIATES HEALTH AND WELFARE PLAN**

<u>**ORDER**</u>

This matter is before the Court on Plaintiff's [16] Motion for Discovery.  Defendants

have responded [22], Plaintiff has replied [23], and Defendants have requested leave to file a sur-

rebuttal [24].  Having reviewed the motion and the record in this cause of action, as well as the

applicable law, and being otherwise fully advised in the premises, the Court finds that the motion

for discovery is not well taken and should be denied.

This cause of action arises under the Employee Retirement Income Security Act

("ERISA").  Plaintiff, who concedes in her motion that this is an ERISA case, claims that she is

entitled to benefits under her former employer's long term disability coverage plan.  She claims

that she was initially paid benefits for a year and then benefits were wrongfully terminated.

The [8] Case Management Order was specially tailored for ERISA matters, and provides

that decisions in this type of case "are generally decided based on the administrative record, . . .".

Plaintiff must obtain leave of Court to conduct limited discovery outside this administrative

record.

Plaintiff relies almost exclusively on the decisions in *Schexnayder v. Hartford Life and*

*Accident Insurance Co.*, 600 F.3d 465 (5th Cir. 2010), *aff'g in part and rev'g in part*

*Schexnayder v. CF Industries Long Term Disability Plan for Its Employees*, 553 F. Supp. 2d 658 (M.D. La. 2008). It is important to point out that the trial court in *Schexnayder*, in rendering summary judgment in favor of the claimant, did not address discovery.  Indeed, the lower court observed: "When reviewing the administrator's decision, the court may only consider the evidence made available to the administrator before the lawsuit was filed . . . Thus, in this case, the [c]ourt will only analyze that evidence available to the [d]efendant at the time the [p]laintiff's benefits were terminated."  553 F. Supp. 2d at 663 (citing *Vega v. National Life Insurance Services, Inc.*, 188 F.3d 287, 300 (5th Cir. 1999)).  The court's discussion of conflict of interest, which is one of the targets of Plaintiff's instant request for discovery, was in the context of a factor to be considered in the standard to be applied to the administrator's decision.  On appeal, the Fifth Circuit affirmed the district court's order granting plaintiff summary judgment, but reversed the award of attorney's fees to him.

Plaintiff does not acknowledge Defendants' citation and discussion of the recent decision in *Crosby v. Louisiana Health Service and Indemnity Co.*, 647 F.3d 258 (5th Cir. 2011), an ERISA case in which plaintiff "complained about the lack of discovery she received and the magistrate's decision to deny discovery."  *Id*. at 261.  The appellate court discussed at length its decision in *Vega*, *supra*, and held:

> We find that *Vega* prohibits the admission of evidence to resolve the merits of the coverage determination–i.e. whether coverage should have been afforded under the plan–unless the evidence is in the administrative record, relates to how the administrator has interpreted the plan in the past, or would assist the court in understanding medical terms and procedures . . . A plan participant is not entitled to a second chance to produce evidence demonstrating that coverage should be afforded . . . *Vega* does not, however, prohibit the admission of evidence to resolve other questions that may be raised in an ERISA action.  For example, in an ERISA action under 29 U.S.C. § 1132(a)(1)(B), a claimant may question the completeness of the administrative record; whether the plan

2

administrator complied with ERISA's procedural regulations; and the existence and extent of a conflict of interest created by a plan administrator's dual role in making benefits determinations and funding the plan.  These issues are distinct from the question of whether coverage should have been afforded under the plan.  We see no reason to limit the admissibility of evidence on these matters to that contained in the administrative record, in part, because we can envision situations where evidence resolving these disputes may not be contained in the administrative record . . . A discovery request for such information may be relevant and thus permissible under federal discovery rules.

647 F.3d at 263 (citations and footnotes omitted).

After determining that plaintiff was entitled "to discover evidence that would indicate whether the administrative record was complete, whether [the issuer of the plan] complied with ERISA's procedural requirements, and whether [the issuer of the plan] had previously afforded coverage for claims related to [claimant's condition]," *id*., and remanding for further discovery, the court stated:

We further provide a few words of caution when applying the standards we articulated today.  Because our review of an ERISA benefits determination is essentially analogous to a review of an administrative agency decision, district courts must monitor discovery closely . . . ERISA plan administrators are permitted to exercise broad discretion, which the statute confirms by strictly limiting the scope of judicial review.  For federal courts to engage in "full review of the motivations behind every plan administrator's discretionary decisions" would "move toward a costly system in which Article III courts conduct wholesale reevaluations of ERISA claims" and would seriously undermine ERISA's goal of resolving claims efficiently and inexpensively . . . Accordingly, district courts must be mindful of the limitations placed on the frequency and extent of discovery under the federal rules, particularly Rule 26(b).  For instance, a district court must limit otherwise permissible discovery if it determines that "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues."  Fed. R. Civ. P. 26(b)(2)(C)(iii); . . . Rule 26(b) "has never been a license to engage in an unwieldy, burdensome, and speculative fishing expedition." . . . We trust that district courts will guard against abusive discovery.

*Id* at 264 (case citations omitted).

In the instant case, Plaintiff is not claiming that further discovery would help in the

3

understanding of medical terms and procedures, nor does she request information about the administrator's past interpretation of the plan or compliance with ERISA's procedural regulations.  Instead, she offers conclusory and speculative assertions about a conflict of interest. *See*, *e.g.,* [16] at p. 2 ("Plaintiff believes that the Defendants are in a situation which puts them in a conflict of interest position."); [16] at p. 3 ("The facts of this case tend to establish that the Defendants are in a conflict of interest."); [23] at p. 6 ("The answers to the requested discovery may also provide evidence of a conflict of interest on the part of the Defendant[s].").

Further, Plaintiff seeks to supplement the administrative record with additional evidence. Specifically, she asks the Court to "allow [her] to either submit an affidavit from Plaintiff's treating physician, Dr. Richard Conn, or allow the taking of Dr. Conn's deposition, and require the Defendant[s] to include the information provided by Dr. Conn in the administrative record and consider his opinion as Plaintiff's treating physician." [23] at p. 7; *see also* [16] at p. 4.  This is nothing more than "a second chance to produce evidence demonstrating that coverage should be afforded," which is precisely what the court in *Crosby* expressly prohibited.

Plaintiff is not precluded from arguing that she is entitled to additional benefits under the appropriate standard of review to be applied to the evidence in the administrative record. However, she has not provided adequate justification for conducting what this Court views as "wieldy, burdensome, and speculative" discovery outside of that record.  The accompanying burden of the proposed discovery outweighs its likely benefit.

**IT IS, THEREFORE, ORDERED** that Plaintiff's [16] Motion for Discovery is **DENIED**.

**IT IS FURTHER ORDERED** that, for purposes of a complete record, Defendants' [24]

4

Motion for Leave to File Sur-rebuttal with respect to the motion to conduct discovery is

**GRANTED**, and the sur-rebuttal attached as Exhibit A to the motion is deemed filed, making it

unnecessary to be filed again separately.

      **SO ORDERED** this the 15th day of September, 2011.

                                    s/ Michael T. Parker
                                    United States Magistrate Judge