IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**DEBORAH TYREE**                                                                           **PLAINTIFF**

v.                                                         CIVIL ACTION NO. 2:11-cv-32-KS-MTP

**THE HARTFORD LIFE AND ACCIDENT**                     **DEFENDANTS**
**INSURANCE COMPANY and WAL-MART**
**ASSOCIATES HEALTH AND WELFARE PLAN**

<u>**ORDER**</u>

Presently before the Court is Plaintiff's [26] Motion to Reconsider the order [25] entered September 15, 2011 denying her [16] motion to conduct discovery in this ERISA case. Having reviewed the motion and the [28] response, and being otherwise fully advised in the premises, the Court finds that the motion is not well taken and should be denied.

This Court has "considerable discretion" in deciding whether to grant a motion for reconsideration. *See Edward H. Bohlin Co. v. Banning Co., Inc.*, 6 F.3d 350, 355 (5th Cir. 1993). Still, granting a motion for reconsideration "is an extraordinary remedy and should be used sparingly." *In re Pequeno*, 240 F. App'x 634, 636 (5th Cir. 2007) (quoting *Templet v. HydroChem, Inc.*, 367 F.3d 473, 477 (5th Cir. 2004)).

A motion to reconsider is not "intended to give an unhappy litigant one additional chance to sway the judge[,]" *McDonald*, 2005 WL 1528611, at *1 (citation omitted), and its purpose "is not to re-debate the merits of a particular motion." *W. C. Bulley v. Fidelity Financial Services of Mississippi, Inc.*, 2000 WL 1349184, at *3 (S.D. Miss. 2000). Indeed, "[i]f a party is allowed to address a court's reasons as to why a motion was or was not granted, it would render the entire

briefing process irrelevant and lead to endless motions to reconsider." *Id*.  There are only three grounds for which this Court may grant a motion for reconsideration: "(1) an intervening change in controlling law, (2) the availability of new evidence not previously available, and (3) the need to correct a clear error of law or prevent manifest injustice." *Id*. at *2 (citations omitted).  If one of these grounds is not present, the Court must deny the motion. *Id*. at *3.

In the instant case, none of these grounds is present.  Plaintiff's motion is nothing more than a second bite at the apple and goes far beyond the scope of permissible discovery in ERISA cases.  The issues raised were discussed thoroughly in the Court's prior [25] order.  Reconsideration is not warranted.

Accordingly, **IT IS ORDERED**:

Plaintiff's [26] Motion to Reconsider is **DENIED.**

**SO ORDERED** this the 19th day of October, 2011.

s/ Michael T. Parker
United States Magistrate Judge
